**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR CHAVEZ-REYES, AKA Walter Estrada-Espinoza, | No. 15-70607 |
| Petitioner, | Agency No. A095-748-856 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2020[**]
Pasadena, California

Before:  W. FLETCHER and LEE, Circuit Judges, and SETTLE,[***] District Judge.

Immigration and Customs Enforcement agents arrested Edgar Chavez-Reyes

during a raid on the factory where he worked.  He sought to suppress all evidence

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

obtained as a result of his detention at the factory and to terminate the removal proceedings against him. The immigration judge denied relief, the Board of Immigration Appeals dismissed his appeal, and he petitioned for review. We grant the petition.

We recently granted a petition seeking to suppress evidence from the same workplace raid in *Perez Cruz v. Barr*, 926 F.3d 1128 (9th Cir. 2019). We held that ICE agents had "carr[ied] out preplanned mass detentions, interrogations, and arrests at the factory, without individualized reasonable suspicion" in violation of 8 C.F.R. § 287.8(b)(2). *Id.* at 1133. Because compliance with 8 C.F.R. § 287.8(b)(2) is mandated by the Constitution, we held that the regulatory violation was prejudicial and that the petitioner was "entitled to suppression of the evidence gathered as a result of that violation." *Id.* at 1146.

Our analysis in *Perez Cruz* controls this case. ICE agents detained Chavez-Reyes in the same workplace raid under nearly identical circumstances. Chavez-Reyes made the statements that the government contends gave rise to reasonable suspicion to detain him only after he was unlawfully detained. On these facts, suppression and termination are warranted. *See id.* at 1145–46; *Sanchez v. Sessions*, 904 F.3d 643, 655 (9th Cir. 2018).

After we decided *Perez Cruz*, the government asked us to remand this case so that it could determine in the first instance whether other, untainted record evidence could independently establish Chavez-Reyes's alienage. Remand is unnecessary. The only other evidence the government points to here is a Form WR-424, which merely restates information obtained from an arrest, and an entry from the Mexican Unique Population Registry Code ("CURP"), which identifies a person with Chavez-Reyes's name and date of birth as a Mexican national. We hold that the CURP entry is a fruit of the unlawful detention and is suppressible as "evidence . . . pertaining to alienage." *Perez Cruz*, 926 F.3d at 1136 (quoting *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 n.5 (9th Cir. 2008)); *see id.* at 1146 (holding that a birth certificate obtained following unlawful detention should have been suppressed). The government's Motion to Remand (ECF No. 32) is therefore DENIED.

**PETITION GRANTED.**